## THE MARY B. BAIRD.

## THE VAN NAME & KING.[1]

### (District Court, E. D. Pennsylvania. November 24, 1899.)

TIME—PROCESS—CONSTRUCTION OF ADMIRALTY RULES—JURIDICAL DAYS.

The admiralty rules of a district court provided that, "where a number of days is limited by these rules, juridical days only shall be understood, and the computation shall be by including one and excluding one." Held, that the rules were not concerned with the juridical character of any other days than those that begin and end a period.

In Admiralty. These were motions by garnishees to quash writs of attachment on the ground that by the intervention of two Sundays between the issuance of the writ and the return day in the one case, and of one Sunday between the service of the writ and the return day in the other case, said process was invalidated. Motions dismissed, and the respondents given leave to answer.

Curtis Tilton, for libelants.

J. Warren Coulston and Alfred Driver, for respondents.

McPHERSON, District Judge. The ninth admiralty rule of this court provides as follows: "Process in rem shall, unless otherwise ordered, be made returnable at the first special session which shall not be less than fourteen days after its issue, and it shall be served at least ten days before the return day."

Rule 12 contains the following provision: "Process of foreign attachment against the goods," etc., "of a defendant, shall be made returnable and shall be served as prescribed by rule 9 in case of process in rem;" and rule 74 declares that, "where a number of days is limited by these rules, juridical days only shall be understood, and the computation shall be by including one and excluding one."

In one of the two cases of attachment now under consideration, the writ was issued on July 7th, and was made returnable on the 21st day of the same month; and, in the other case, the writ was served on July 24th, the return day being August 4th. The motions to quash are based on the facts that two Sundays intervened between July 7th and 21st, and one Sunday intervened between July 24th and August 4th,—the argument being that in the first case there are less than 14 juridical days between the issue of the writ and the return day, and in the second case that there are less than 10 juridical days between the return day and the day of service. I think the argument is based upon a misunderstanding of rule 74. It must be admitted that the rule might be expressed in clearer language, but I have little doubt about the meaning that it was intended to bear. It is not concerned with the juridical character of any other days than those that begin and end a period. This is shown by the concluding clause, which directs the computation to be made "by including one and excluding one"; there-

[1] Reported by Arthur G. Dickson, Esq., of the Philadelphia bar.

97 F.—62

by clearly referring to the first and last days, and to no other. It is the method of computation with which the rule has specially to do, and this is provided for by dealing with the beginning and ending of the period. If, for example, the 14 days or the 10 days spoken of in rule 9 would end upon a Sunday or a legal holiday, the rule leaves that day out of account, and in either case extends the period until the following day. I see no good reason for the unusual construction that intermediate days are to be excluded merely because they may be nonjuridical.

The motion to quash is dismissed in each case, and the respondents have leave to answer within 15 days.